IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUL 0 2 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | § | |
|---|---|---|
| NORTHPOINT TECHNOLOGY, LTD | § | |
| | § | |
| Plaintiff, | § | CAUSE NO. A09CA 506 JN |
| | § | |
| v. | § | |
| | § | |
| THE DIRECTV GROUP, INC.; | § | JURY TRIAL DEMANDED |
| ECHOSTAR CORPORATION; and | § | |
| DISH NETWORK CORPORATION | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff files this Complaint for patent infringement against The DirecTV Group, Inc. ("DirecTV"), EchoStar, Inc. ("EchoStar") and Dish Network Corporation ("Dish") and for cause its of action states the following:

**THE PARTIES**

1.  Plaintiff Northpoint Technology, Ltd. ("Northpoint") is a company organized under the laws of the State of Texas. Northpoint's principal place of business is Austin, Texas.

2.  Defendant The DirecTV Group, Inc. is a corporation incorporated under the laws of the State of Delaware. Its principal place of business is El Segundo, California. Defendant DirecTV may be served with this Complaint through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.  Defendant EchoStar, Inc. is a corporation incorporated under the laws of the State of Nevada. Its principal place of business is Englewood, Colorado. Defendant EchoStar may be

1

served with this Complaint through its registered agent, CSC Services of Nevada, Inc., 502 East John Street, Carson City, Nevada 89706.

4. Defendant Dish Network Corporation is a corporation incorporated under the laws of the State of Nevada. Its principal place of business is Englewood, Colorado. Defendant Dish may be served with this Complaint at its registered office: 502 East John Street, Carson City, Nevada 89706.

## JURISDICTION AND VENUE

5. This is an action for violation of the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) in that the Defendants do business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Plaintiff to relief.

## INFRINGEMENT OF U.S. PATENT NO. 6,208,636

6. On March 27, 2001, United States Letter Patent No. 6,208,636 (the "'636 patent") was duly and legally issued to Carmen and Saleem Tawil for an invention titled *Apparatus and Method for Processing Signals Selected From Multiple Data Streams*. On May 27, 1998, Mr. and Mrs. Tawil assigned all of their rights in the '636 Patent to Northpoint. Northpoint continues to hold all rights and interests in the '636 Patent. A true and correct copy of the '636 Patent is attached as Exhibit A to this Complaint.

7. Carmen and Saleem Tawil, the inventors of the '636 Patent and residents of Austin, are both electrical engineers and Professional Engineers in the State of Texas. Throughout much of the 1980's and early 1990's, the Tawil's worked as engineers through their

Professional Engineering firm. The projects they completed included large scale communication projects for voice, video and data networks, including a distributed satellite and terrestrial microwave network throughout Mexico and terminating in the U.S. Many of their customers were colleges and universities as well as private carriers and wireless cable systems.

8. In 1994, the Tawils began working on a technology that they believed would complement the emerging Direct Broadcast Satellite industry, now known by the brand names Dish Network and DirecTV. The Tawil's, through their engineering firm, filed for patents to protect the technology and also filed with the Federal Communications Commission (FCC) to be allowed to conduct field tests of the new technology. In 1997 the FCC granted permission for the first experimental license to test what was by then called the "Northpoint Technology". After the first successful test in a sparsely populated area of Texas, Northpoint requested permission to test in a populated area, and in December 1998, a successful test was conducted in Austin, Texas. Throughout this time period, Northpoint was filing for various patents that covered the technology. In 1997, the Tawils realized that in order to fully implement their technology, they needed to develop a system capable of receiving two signal simultaneously. This realization led ultimately to the inventions described in the '636 Patent.

9. DirecTV is a leading provider of digital television entertainment. Its business is to acquire, promote, sell and distribute digital entertainment programming via satellite to residential and commercial subscribers. DirecTV is also the largest provider of direct-to-home ("DTH") digital television services in the United States. As of March 31, 2009, DirecTV has approximately 18.1 million subscribers in the United States. DirecTV is engaged in the manufacture and sale of a broad range of products and services in DTH field.

10. DirecTV has infringed and continues to infringe the '636 patent by its manufacture, use, sale and/or offer for sale of DirecTV's multiple-LNB and set-top box products, including model numbers HR21 Pro, R22, D12, H21, R16, HR23, H20, HR20 (when used in conjunction with a multiple-LNB satellite dish), and including other products and services related to its DTH offerings. A set-top box is a device that connects to a television and an external source of signals, turning the signals into content which is then displayed on the television screen. DirecTV also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '636 Patent. DirecTV is liable for its infringement of the '636 patent pursuant to 35 U.S.C. § 271.

11. EchoStar is a leading provider of products and services to satellite, IPTV, cable, terrestrial, and consumer electronics markets worldwide. More particularly, EchoStar is a leader in the satellite television market. This leadership is, in large part, due to its set-top box and LNB products. Echostar is a primary provider of LNBs and set-top boxes to Dish.

12. EchoStar has infringed and continues to infringe the '636 patent by its manufacture, use, sale and/or offer for sale of EchoStar's LNB and set-top box products, including model numbers Vip722, Vip222, Vip612, Vip211, Vip211K, Dish322, Dish311, DVR-622, DVR-625 (when used in conjunction with a multiple-LNB dish), and including other products and services related to satellite television. EchoStar contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '636 Patent. EchoStar is liable for its infringement of the '636 patent pursuant to 35 U.S.C. § 271.

13. Dish operates the DISH Network® direct broadcast satellite subscription television service in the United States. As of March 31, 2009, Dish had at least 13.5 million subscribers.

14. Dish has infringed and continues to infringe the '636 patent by its manufacture, use, sale and/or offer for sale of Dish's LNB and set-top box products, including model numbers Vip722, Vip222, Vip612, Vip211, Vip211K, Dish322, Dish311, DVR-622, DVR-625 (when used in conjunction with a multiple-LNB dish), and including other products and services related to its DTH offerings. Dish also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '636 Patent. Dish is liable for its infringement of the '636 patent pursuant to 35 U.S.C. § 271.

15. Defendants EchoStar, Dish and DirecTV have violated and continue to violate 35 U.S.C. § 271 (a), (b), (c), and (f). Specifically, EchoStar, Dish and DirecTV have continued to make, use, sell, and offer to sell products that infringe the claims of the '636 Patent. EchoStar, Dish and DirecTV also continue to contribute to and induce infringement by others, without a license under the Patent.

16. The Defendants' acts of infringement are irreparably harming and causing damage to Northpoint.

17. DirecTV's conduct is willful and deliberate. On or about June 15, 2001, DirecTV became aware of the '636 Patent when it was cited as prior art against a later filed DirecTV patent application. Fully aware of the existence of the '636 Patent, DirecTV chose to market its infringing products in direct violation of Northpoint's rights under the '636 Patent.

18. As a result of DirecTV's willful and deliberate misconduct, Plaintiff seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

A. Plaintiff seeks a declaration that EchoStar, Dish and DirecTV have infringed and continue to infringe United States Patent No. 6,208,636.

B. Plaintiff seeks an award of damages arising out of Defendants infringement of United States Patent No. 6,208,636, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof.

C. Plaintiff seeks an award of their attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D. Plaintiff seeks such other and further relief as the Court may deem just and proper.

DATED: July 1, 2009

Respectfully submitted,

Matthew J.M. Prebeg
Texas Bar No. 00791465
Edward W. Goldstein – Lead Attorney
Texas Bar No. 08099500
Stephen F. Schlather
Texas Bar No. 24007993
Alisa A. Lipski
Texas Bar No. 24041345
GOLDSTEIN, FAUCETT & PREBEG L.L.P
1177 West Loop South, Suite 400
Houston, Texas 77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737
E-Mail: mprebeg@gfpiplaw.com
egoldstein@gfpiplaw.com
sschlather@gfpiplaw.com
alipski@gfpiplaw.com

*ATTORNEYS FOR PLAINTIFF*