## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| NORTHPOINT TECHNOLOGY, LTD, | § | |
| Plaintiff, | § | **CAUSE NO. 1:09-CV-00506-JRN** |
| | § | |
| v. | § | |
| | § | |
| DIRECTV, INC.; | § | **JURY TRIAL DEMANDED** |
| ECHOSTAR CORPORATION; and | § | |
| DISH NETWORK CORPORATION, | § | |
| Defendants. | § | |

## JOINT 26(f) REPORT

Pursuant to the Court's October 21, 2009 Order, the parties jointly file this Joint 26(f) Report detailing the November 18, 2009 conference held between counsel for each party.

### 1. Possibility of Prompt Settlement

Settlement talks between the parties are ongoing.

### 2. Exchange of Initial Disclosures Required by 26(a)(1)

The parties will exchange initial disclosures under Rule 26(f) by December 15, 2009.

### 3. Preserving Discoverable Information

The parties agree to make efforts to preserve all discoverable information.

### 4. Proposed Discovery Plan

   a. Changes to be made in the timing, form, or requirement for disclosures under Rule 26(a)

   None requested.  The parties will exchange initial disclosures by December 15, 2009.

    b.  Subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases.

Plaintiff contemplates that discovery will be needed regarding Defendants' liability for infringement of U.S. patent number 6,206,636 ("the '636 patent"), either directly, contributorily, or by inducement, in violation of 35 U.S.C. § 271(a)-(c); the amount of damages sufficient to compensate Plaintiff for such infringement; and other issues that may arise during the course of the litigation.

Defendants contemplate that discovery will be needed regarding their noninfringement of the '636 patent, invalidity of the '636 patent, inequitable conduct in obtaining the '636 patent, Plaintiff's laches in asserting the '636 patent, unenforceability of the '636 patent, Plaintiff's lack of irreparable harm and Plaintiff's damages claim.

    c.  Issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties have agreed that production of documents will be by electronic disk or other electronic form agreed to by the parties. The parties reserve the right to produce documents for inspection so that the party seeking production can identify and select documents relevant to the issues in this case for subsequent copying and production.

    d.  Issues relating to claims of privilege or of protection as trial-preparation material

The parties agree that draft expert reports and communications between counsel and experts will not be subject to discovery; only expert bills and invoices and material provided to or considered by an expert in connection with a final expert report need to be identified and produced in connection with that expert report. The parties also agree that privileged documents created after the filing of the Complaint need not be logged on a privilege log. The parties further agree that, pursuant to Federal Rule of Evidence 502, the attorney client privilege and

2

work product protections are not waived by inadvertent disclosure in this litigation, and that there is also no waiver in any other federal or state proceeding.

      e.   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed

The parties agree that there should be exchanges of infringement and invalidity contentions and briefing of claim construction issues.  They have submitted proposed dates for the exchanges and the briefing in a proposed Addendum to the Scheduling Order.

      f.   Any other orders that should be entered by the court under Rule 16(b) and (c)

Within the next several weeks, the parties expect to provide a stipulated Protective Order to the Court that would govern the exchange and use of confidential information during this litigation.

DATED:  December 9, 2009

Respectfully submitted,

    /s/  Alisa A. Lipski
Matthew J.M. Prebeg
Texas Bar No. 00791465
Edward W. Goldstein – Lead Attorney
Texas Bar No. 08099500
Stephen F. Schlather
Texas Bar No. 24007993
Alisa A. Lipski
Texas Bar No. 24041345
GOLDSTEIN, FAUCETT & PREBEG L.L.P
1177 West Loop South, Suite 400
Houston, Texas  77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737
E-Mail: mprebeg@gfpiplaw.com
egoldstein@gfpiplaw.com
sschlather@gfpiplaw.com
alipski@gfpiplaw.com

ATTORNEYS FOR PLAINTIFF
NORTHPOINT TECHNOLOGIES, INC.

    /s/  Eva C. Ramos
J. Hampton Skelton
Texas Bar No. 18457700
Eva C. Ramos
Texas Bar No. 201443100
SKELTON & WOODY
P. O. Box 1609
Austin, Texas 78767-1609
Telephone:  (512) 651-7000
Facsimile:  (512) 651-7001

Alexander Pilmer (*pro hac vice*)
Alexander MacKinnon (*pro hac vice*)
KIRKLAND & ELLIS LLP
777 Figueroa St, Suite 3700
Los Angeles, California 90017
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

ATTORNEYS FOR DEFENDANT DIRECTV, INC.

   /s/  Eva C. Ramos
J. Hampton Skelton
Texas Bar No. 18457700
Eva C. Ramos
Texas Bar No. 201443100
SKELTON & WOODY
P. O. Box 1609
Austin, Texas 78767-1609
Telephone:  (512) 651-7000
Facsimile:  (512) 651-7001

Rachael Krevens (*pro hac vice*)
Jason A. Crotty (*pro hac vice*)
Matthew Chivvis (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105

ATTORNEYS FOR ECHOSTAR TECHNOLOGIES LLC
AND DISHNETWORK LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 9, 2009.  Any other counsel of record will be served by first class U.S. mail.

/s/ Eva C. Ramos_____

5