IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NORTHPOINT TECHNOLOGY, LTD <br> Plaintiff, <br><br> v. <br><br> DIRECTV, INC.; <br> ECHOSTAR CORPORATION; and <br> DISH NETWORK CORPORATION <br> Defendants. | CAUSE NO. 1:09-cv-00506-JRN <br><br> JURY TRIAL DEMANDED |

## AGREED ADDENDUM TO SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the following Agreed Addendum to the Scheduling Order is issued by the Court to address additional scheduling issues relating to the patent infringement allegations and defenses raised in this case.

**1.    Infringement Contentions**

Plaintiff shall provide its infringement contentions to Defendants by January 12, 2010. These contentions shall be set forth in claim chart form and shall set forth separately for each asserted claim, each accused product or service and how each accused product or service allegedly meets each limitation of the asserted claims, including whether infringement is alleged to be direct, indirect or under the doctrine of equivalents.

**2.    Invalidity Contentions**

Defendants shall provide their invalidity contentions to Plaintiff by February 12, 2010. These contentions shall be set forth in claim chart form and shall set forth separately for each claim asserted to be invalid, each prior art reference relied upon and how each prior art reference

discloses each limitation of each claim alleged to be invalid, including whether invalidity is asserted under theories of anticipation or obviousness.

3. **Amendment of Infringement and Invalidity Contentions**

The parties shall amend their contentions promptly after learning of additional information that causes the contentions to be incomplete or inaccurate.

4. **Briefing Claim Construction Issues**

   a.  By <u>March 2, 2010</u>, each party shall simultaneously exchange a list of claim terms that the party contends should be construed.

   b.  By <u>March 14, 2010</u>, the parties shall simultaneously exchange a preliminary proposed construction for each claim term that has been identified for construction. Over the next 10 days, parties will meet and confer for purposes of narrowing the list of terms and issues in dispute for purposes of claim construction. After the meet and confer process, the parties will prepare a joint claim construction statement by <u>March 31, 2010</u> that sets forth the claim constructions on which the parties agree, the terms that remain in dispute, and each party's proposed constructions for the disputed terms

   c.  By <u>April 21, 2010</u>, Plaintiff shall file its opening claim construction brief, including any evidence supporting its claim constructions.

   d.  By <u>May 12, 2010</u>, each Defendant shall each file its opening claim construction brief, including any evidence supporting its claim constructions.

   e.  By <u>May 19, 2010</u>, Plaintiff shall file its reply claim construction brief.

f.  By May 26, 2010, each Defendant shall file its reply claim construction brief.

**5.   Claim Construction Hearing**

Subject to the convenience of the Court, the parties request a claim construction hearing that would take place after June 21, 2010.

**6.   Expert Reports**

a.  The initial date in the Scheduling Order for designation of experts and service of expert reports (December 14, 2010) shall apply based on a burden of proof basis. Thus, on this date, Plaintiff shall file the designation of its experts, and shall serve expert reports, on issues including infringement and damages. On the same date, Defendants shall file the designation of its experts, and shall serve expert reports, on issues including invalidity and inequitable conduct.

b.  On the second date in the Scheduling Order for designation of experts and service of expert reports (January 14, 2011), the opposing parties shall file their designation of experts, and serve expert reports, in response to the burden of proof reports previously provided. Thus, on this date, Defendants shall respond to issues including infringement and damages. On the same date, Plaintiff shall respond to issues including invalidity and inequitable conduct.

c.  Other than as set forth above in paragraph 6(a) and 6(b), no designation of experts or service of expert reports shall take place, except for proper supplementation based on good cause.

SIGNED and ENTERED this _____ day of _____.

_____
James R. Nowlin
Senior United States District Judge

Dated: December ___, 2009