IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NORTHPOINT TECHNOLOGY, LTD § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 1-09-CV-506 JRN |
| § | | |
| DIRECTV, INC, § | | |
| ECHOSTAR TECHNOLOGIES LLC and § | | |
| DISH NETWORK LLC. § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**
<u>**OF THE UNITED STATES MAGISTRATE JUDGE**</u>

TO:   THE HONORABLE JAMES NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are Defendant DirecTV's Motion to Dismiss Due to Plaintiff Northpoint's Lack of Capacity, filed September 28, 2010 (Clerk's Dkt. #74); Notice by Defendants Echostar and DISH to Join in Defendant DirecTV's Motion to Dismiss, filed September 28, 2010 (Clerk's Dkt. #75); Plaintiff Northpoint's Response to Defendants' Motion to Dismiss Due to Plaintiff Northpoint's Lack of Capacity, filed October 12, 2010 (Clerk's Dkt. #79); and Defendant DirecTV's Reply Brief in Further Support of its Motion to Dismiss Due to Northpoint's Lack of Capacity, filed October 22, 2010 (Clerk's Dkt. #80). The Defendants' motion was referred by Senior United States District Judge James Nowlin to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

After reviewing the parties' pleadings, relevant law, as well as the entire case file, the undersigned issues the following Report to the District Court **RECOMMENDING DENIAL** of Defendants' Motion to Dismiss.

## I.  BACKGROUND

Northpoint brings this suit against Defendants claiming infringement of its patent in violation of 35 U.S.C. § 1 et seq.  Pl.'s 2d Amend. Compl.¶ 5.  Because this action is brought under federal patent law, Northpoint claims that the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  Pl.'s 2d Amend. Compl.¶ 5.  In its complaint, Northpoint alleges that the Defendants infringe on its patent by their manufacture, use, and/or sale of set-top box products that utilize Northpoint's patented technology.  Pl.'s 2d Amend. Compl. ¶¶ 10, 12, 14-15.  Set-top boxes are used to convert external signals, such as satellite signals, into content that can be displayed on by a television.  Pl.'s 2d Amend. Compl. ¶ 10.

Northpoint claims to be "a limited partnership organized under the laws of the State of Texas" with no parent corporation.  Pl.'s Corp. Disclosure State.  Defendants allege that Northpoint's status as a limited partnership was terminated by the Texas Secretary of State on April 23, 2010.  Defs.' Mot. to Dismiss at 2.  In support of this allegation, Defendants provide as Exhibit D to their motion the notice of Involuntary Termination issued by the Texas Secretary of State.  In its Response, Northpoint admits that its certificate of formation was indeed terminated by the Secretary of State.  Defendants assert that because "Northpoint does not exist as a legal entity" it cannot maintain the current suit, and under Texas law neither Northpoint nor any successor entity may revive the suit.  Defs.' Mot. to Dismiss at 3-6.

## II.  STANDARD OF REVIEW

The Defendants' Motion to Dismiss Due to Northpoint's Lack of Capacity should be treated by the Court as a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *See generally* 5A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1294 (3d ed.).  Defendants aver that Northpoint's legal identity has been terminated and that therefore Northpoint lacks capacity to bring a lawsuit.  Defs.' Mot. to Dismiss at 4.

A question as to legal existence is an issue of standing. *See Wallace v. Perry*, 423 B.R. 215, 254 (Bankr. S.D. Tex. 2010). This is because standing requires, among other things, that the party bringing an action have a personal stake in the outcome of the case. *Warth v. Selden*, 422 U.S. 490, 498-99 (1975). If it does not legally exist, Northpoint can hold no stake in the outcome of this or any case. And because standing is a requirement of jurisdiction, the arguments in Defendants' Motion to Dismiss are best understood as raising an objection to jurisdiction. *Salazar v. Buono*, 130 S. Ct. 1803, 1827 (2010). The Court should therefore evaluate the Motion to Dismiss under the standard for motions brought under Federal Rule of Civil Procedure 12(b)(1). On such a motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assocs., Inc. v. State Board of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992).

### III.  ANALYSIS

The Defendants correctly argue that Federal Rule of Civil Procedure 17(b)(3) governs Northpoint's capacity to bring this lawsuit:

> Capacity to sue or be sued is determined . . . [for parties other than individuals or corporations] by the law of the state where the court is located, except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws . . ."

Here, that exception is applicable–Northpoint is neither an individual nor a corporation and seeks to sue to enforce its alleged substantive rights under federal law; specifically, it seeks to enforce its intellectual property rights under the applicable federal patent laws.

It is true that both capacity to sue and legal existence are prerequisite to a party's ability to bring and maintain a lawsuit. *See Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992). But contrary to the Defendants' argument, Northpoint has not been stripped of its legal existence by the Involuntary Termination

or by Texas statute.  The Involuntary Termination only notices the forfeiture of Northpoint's right to transact business in Texas and terminates its certificate of formation.  Texas law prevents a limited partnership that has forfeited its right to transact business in the state from maintaining "an action, suit, or proceeding in a [Texas state court.]" Tex. Bus. Org. Code § 153.309(a)(1) (LEXIS current through 2009 F.S.).  Nowhere does Texas law strip legal existence from a limited partnership that has forfeited its right to transact business within the state.  In fact, Texas law provides that "[t]he forfeiture of the right to transact business in [Texas] does not . . . (2) prevent the limited partnership from defending an action, suit, or proceeding . . . " Tex. Bus. Org. Code § 153.309(b)(2). Additionally, the Texas Supreme Court has held that a lawsuit cannot be maintained against a defendant that has no legal existence.  *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (1995) *overruled in part by Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999).  The logical conclusion is that because Northpoint is permitted to be sued and defend itself, it must have legal existence.

Because Northpoint has legal existence under Texas law and capacity to sue under Federal Rule of Civil Procedure 17(b)(3)(A), it may maintain this lawsuit for patent infringement in the District Court.

## IV. RECOMMENDATION

The Magistrate Court hereby **RECOMMENDS** the District Court deny the Defendants' Motion to Dismiss Due to Plaintiff Northpoint's Lack of Capacity.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general

objections.  See Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985);  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of October, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE