UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NORTHPOINT TECHNOLOGY, LTD.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DIRECTV, INC., et al.,<br><br>　　　　　　Defendants. | Case No. A09CA 506 JN |

**DIRECTV, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON DIRECTV'S MOTION TO DISMISS**

I.  **INTRODUCTION**

Northpoint Technology, Ltd. was a Texas limited partnership when it filed its Original Complaint. Since then, however, Northpoint has forfeited its right to transact business in Texas, including the right to maintain a lawsuit in any Texas court. In addition, Northpoint's certificate of formation was terminated by an Order of the Texas Secretary of State, and therefore, Northpoint no longer exists as a Texas limited partnership. In summary, Northpoint *both* lacks capacity to maintain the current lawsuit under Texas state law, *and* Northpoint's existence as a Texas limited partnership has been terminated. The case should be dismissed.

In his Report and Recommendations on DIRECTV's Motion to Dismiss, Magistrate Judge Pitman concluded that Northpoint maintains capacity to sue, notwithstanding language to the contrary in the Texas Business Organizations Code. To support his conclusion, Magistrate Judge Pitman relied on a limited exception set forth in Federal Rule Civil Procedure 17(b)(3)(A). Magistrate Judge Pitman further concluded that the Texas Secretary of State's "Order of Involuntary Termination" did not terminate Northpoint's legal existence. Noting that Texas law still allows Northpoint to defend lawsuits, Magistrate Judge Pitman reasoned that Northpoint also retains sufficient legal existence to continue with its claims in this action.

DIRECTV objects to Magistrate Judge Pitman's Report and Recommendations as follows:

- Both parties agree that Texas law governs Northpoint's capacity to sue, and Texas law is unambiguous: Northpoint "may not maintain an action, suit, or proceeding in a court of this state." TEX. BUS. ORG. CODE §153.309(a)(1). This action should be dismissed under Federal Rule of Civil Procedure 17(b). DIRECTV objects to Magistrate Judge Pitman's conclusion that Northpoint has capacity to sue.

- The exception set forth in Rule 17(b)(3)(A) does not apply here. That exception only applies to a limited class of entities that otherwise lacked capacity to sue at common law or under state law. The exception does not resurrect capacity to sue

1

      for a limited partnerships that had, but lost, the capacity to sue because of its failure to comply with state law. DIRECTV objects to Magistrate Judge Pitman's conclusion that the exception in Rule 17(b)(3)(A) is applicable here.

- Under the plain language of the Order issued by the Texas Secretary of State, Northpoint has been involuntarily terminated. Northpoint's capacity to "defend an action" does not resurrect Northpoint's existence, much less afford capacity to sue. DIRECTV objects to Magistrate Judge Pitman's finding that "Northpoint has not been stripped of its legal existence by the Involuntary Termination or by Texas statute." Report at 3-4.

- DIRECTV's Motion to Dismiss is based upon Northpoint's lack of capacity to sue. DIRECTV objects to Magistrate Judge Pitman's characterization of the motion as relating to "an issue of standing." Report at 3.

## II.  OBJECTIONS

As Magistrate Judge Pitman concluded, "both capacity to sue and legal existence are prerequisite to a party's ability to bring and maintain a lawsuit." Report at 3. Here, Northpoint lacks both capacity *and* legal existence, and the absence of *either* requires dismissal of this suit. Under Texas law, Northpoint forfeited its capacity to sue when it failed to revive its right to transact business within the 120-day time period specified in the Texas Business Organizations Code. Further, Northpoint ceased to exist when the Texas Secretary of State terminated Northpoint's certificate of formation. Consequently, this case should be dismissed under Federal Rule of Civil Procedure 17(b)(3).

### A.   Northpoint Lacks Capacity to Sue.

DIRECTV objects to Magistrate Judge Pitman's conclusion that Northpoint "may maintain this lawsuit for patent infringement in the District Court." Report at 4. All parties agree that Texas law governs Northpoint's capacity to sue in this case. Dkt. No. 74 at 3; Dkt. No. 79 at 2, 4. As Northpoint conceded, "[t]his Court is instructed to apply Texas law in determining Northpoint's legal capacity to maintain the present action." Dkt. No. 79 at 2. And

Texas law is unambiguous: Northpoint "may not maintain an action, suit, or proceeding in a court" of Texas. TEX. BUS. ORG. CODE § 153.309(a)(1).

Northpoint repeatedly failed to comply with the reporting requirements for limited partnerships, despite repeated warnings from the Texas Secretary of State, including warnings that Northpoint's certificate of formation would be terminated. *See, e.g.*, Dkt. No. 74-4, 74-5. On December 17, 2009, the Texas Secretary of State terminated Northpoint's right to transact business in Texas. Dkt. No. 74-4. And when Northpoint failed to revive its right to transact business within 120 days, Northpoint forfeited its capacity to sue. Thus, the case should be dismissed.

Although the parties agreed that Texas law applies concerning capacity to sue, Magistrate Judge Pitman concluded otherwise. The parties agreed that capacity to sue for entities other than individuals or corporations is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Magistrate Judge Pitman, however, relied on the exception set forth in Federal Rule of Civil Procedure 17(b)(3)(A), which provides that "a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Though it admitted that its certificate of formation was terminated, Northpoint never contended that this exception applies, nor did Northpoint's pleadings characterize Northpoint's post-termination form as being that of a "partnership or other unincorporated association with no capacity under state law." Because Northpoint conceded this point, DIRECTV did not address this argument in detail in its prior pleadings.

The exception set forth in Rule 17(b)(3)(A) is not a catch-all clause that permits any alleged entity to bring suit to enforce a federal substantive right. The exception derives from the

3

United States Supreme Court's ruling in *United Mine Workers of America v. Coronado Coal Co.*, 259 U.S. 344 (1922), where the Court held that labor unions were suable in their common names to enforce a federal antitrust law. The Court recognized that, at common law, an unincorporated association of persons, like a partnership, "could only sue or be sued in the names of its members, and their liability had to be enforced against each member." *Id.* at 385. But the Court noted that, because of "the very necessities of the existing conditions and the utter impossibility of doing justice otherwise, the suable character of such an organization as this has come to be recognized in some jurisdictions." *Id.* at 387. Thus, the Court the concluded, the unions were proper defendants in the antitrust action. The Advisory Committee Notes to Rule 17 explain that the exception in Rule 17(b)(3)(A) "follows the existing law as to such associations, as declared in" *Union Mine Workers*.

There is no basis for extending this exception to allow former limited partnerships (like Northpoint) to recapture a forfeited capacity to sue that was lost for failure to comply with state law. Under Texas law, limited partnerships *are* afforded capacity to sue; Texas does not follow the old common rule whereby such a partnership had to be "sued in the names of its members" (in the words of the *Union Mine Workers*). Northpoint was not an entity that had no capacity to sue, but rather, Northpoint forfeited the right to maintain an action because of its repeated failures to comply with Texas law. The Texas Secretary of State also terminated Northpoint's certificate of formation and terminated Northpoint's existence for the same reasons.

Northpoint's termination does not transform Northpoint into "a partnership or other unincorporated association with no such capacity under [the forum] state's law," as provided in

Federal Rule of Civil Procedure 17(b)(3)(A).[1] This rule affords capacity to sue to the *types* of entities that would never otherwise have possessed capacity under the forum state's law. The rule does not resurrect capacity to sue for entities that have forfeited their capacity to sue by failing to comply with the requirements of state law. *Cf. R.V. McGinnis Theatres & Pay T.V., Inc. v. Video Independent Theatres, Inc.*, 386 F.2d 592, 595 (10th Cir. 1967) (plaintiff corporation lacked capacity sue for antitrust claim where its charter was revoked and cancelled by the Secretary of State for nonpayment of taxes). In short, even if Northpoint has some remaining legal existence, Northpoint is not "a partnership or other unincorporated association with no such capacity under [the forum] state's law," and Rule 17(b)(3)(A) does not apply. *See In re Stone Energy Corp. Sec. Litig.*, Case No. 05-2088, 2009 WL 528415, at *3 (W.D. La. Feb. 27, 2009) (rejecting plaintiffs' argument that it be considered an unincorporated association, because the entity was originally created under Texas law by statute); *Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992) ("Rule 17(b) does not confer legal existence or create new types of legal entities").

### B. Northpoint Lacks Legal Existence.

Northpoint's existence has been terminated, and DIRECTV objects to Judge Pitman's conclusion that "Northpoint has not been stripped of its legal existence by the Involuntary Termination or by Texas statute."[2] Report at 3-4. On April 23, 2010, the Texas Secretary of State issued an Order with the title "INVOLUNTARY TERMINATION OF NORTHPOINT

---

[1] Indeed, although Judge Pitman concludes that Northpoint has a legal existence, Judge Pitman never specifies what kind of entity Northpoint is currently.

[2] The Texas Legislature was careful in using the word "termination" in Title 4, Section 153.311. The original version of Section 153.311 used the words "cancel" and "cancellation," but the Texas legislature amended Section 153.311 to use "terminate" and "termination" instead. *See* Texas Acts 2009, 81st Leg., R.S., Ch. 84, Sec. 55, eff. Sept. 1, 2009.

TECHNOLOGY , LTD." Dkt. No.74-5, Exh. D. This title is unambiguous. The Order further states that "[i]t is ... ordered, as prescribed by Title 4, Section 153.311 of the Texas Business Organizations Code, that the certificate of formation be terminated on the above named domestic limited partnership without judicial ascertainment." *Id.* In Texas, "[t]he existence of a filing entity [including a limited partnership] commences when the filing of the certificate of formation takes effect." TEX. BUS. ORG. CODE § 3.001(c). The entity ceases to exist when the certificate of formation is terminated. *See* § 3.003. Northpoint ceased to exist when its certificate of formation was terminated by the Texas Secretary of State.

Northpoint does not have legal existence simply by virtue of the fact that it can defend a lawsuit. Magistrate Judge Pitman notes that Texas Business Organizations Code § 153.309(b)(2) provides that "[t]he forfeiture of the right to transact business in [Texas] does not . . . prevent the limited partnership from defending an action, suit, or proceeding." Citing *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (1995), Magistrate Judge Pitman states that the Texas Supreme Court has held that a lawsuit cannot be maintained against a defendant that has no legal existence. Report at 4. Therefore, Magistrate Judge Pitman reasons, Northpoint "must have legal existence." Report at 4. This reasoning does not hold for at least three reasons.

First, the statute cited by Magistrate Judge Pitman provides that, by failing to revive its right to transact business within 120 days, the limited partnership forfeits the right to "maintain an action, suit, or proceeding in a [Texas state court]." TEX. BUS. ORG. CODE § 153.309(a)(1). The statute is intentionally punitive—it punishes a limited partnership that fails to comply with reporting requirements of state law. As Magistrate Judge Pitman points out, the statute "does not . . . prevent the limited partnership from defending an action, suit, or proceeding." § 153.309(b)(2). This later provision is consistent with the principle that a limited partnership

should not be able to evade liability by allowing its existence to be terminated. But surely, the Texas Legislature did not intend that this statute should afford Northpoint continued capacity to sue. Whatever "legal existence" Northpoint retains is strictly limited to "defending an action, suit, or proceeding."

Second, the statutory language cited by Judge Pitman—that the forfeiture under § 153.309 does not prevent the terminated entity "from defending an action, suit, or proceeding"—does not relate to capacity to sue. In *Bailey* (cited by Judge Pitman), the Court recognized that the defendant ceased to exist, yet the defendant was still entitled to defend itself in the existing litigation. The Court held "that a corporation which has ceased to exist may nonetheless appeal a trial court's judgment against it." *Bailey*, 894 S.W.2d at 758. In other words, the capacity to defend an action does not, by itself, afford an entity legal existence, much less capacity to sue.

Third, the Texas Supreme Court in *Bailey* did not consider the existence or capacity to sue of an entity that forfeited its right to "maintain an action" and was terminated by the Secretary of State.[3] Indeed, after *Bailey*, the Texas Supreme Court has held that, at least in some circumstances, "a plaintiff can bring suit against an individual doing business under the name of an association, partnership, or corporation, ***even if the association, partnership, or corporation does not exist***." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828-829 (Tex. 1999) (emphasis added). Accordingly, even if Northpoint could be sued, that does not afford Northpoint the legal existence necessary to maintain its claims in this suit.

---

[3] In *Bailey*, the plaintiff sued a corporation that ceased to exist when it merged into another corporation. The merger occurred before any of the conduct giving rise to the plaintiff's claim. Therefore, the Court held that the plaintiff should have sued the newly formed company.

7

Based upon the express language of Texas Business Organizations Code §§ 153.309 and 153.311 and the Secretary of State's Order, Northpoint lacks capacity to sue and its existence has been terminated by the Texas Secretary of State.

### C. DIRECTV's Motion to Dismiss Is Based Upon Lack of Capacity to Sue, Not Standing.

DIRECTV objects to Judge Pitman's conclusion that the basis for Northpoint's dismissal is an issue of standing. Although a standing issue may exist, DIRECTV's Motion to Dismiss is based on the separate legal question of Northpoint's capacity to maintain the lawsuit. *See AVCO Corp. v. Interstate Southwest, Ltd.*, 251 S.W.3d 632, 649 (Tex. App.–Houston [14th Dist.] 2007 pet. denied) ("Standing is not to be confused with capacity. A plaintiff has ***standing*** when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has ***capacity*** when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.") (citations and internal quotation marks omitted).

### III. CONCLUSION

Northpoint lacks capacity to sue and maintain this lawsuit. As a result, DIRECTV respectfully asks that the Court grant DIRECTV's Motion and dismiss this action.

Dated:  November 8, 2010                     Respectfully submitted,


                              /s/  Eva C. Ramos
R. Alexander Pilmer (*pro hac vice*)
Alexander F. MacKinnon (*pro hac vice*)
Guy Ruttenberg (*pro hac vice*)
Giam Nguyen *(pro hac vice)*
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071
Telephone:      (213) 680-8400
Facsimile:       (213) 680-8500
Email: alexander.pilmer@kirkland.com
         alexander.mackinnon@kirkland.com
         guy.ruttenberg@kirkland.com
         giam.nguyen@kirkland.com

J. Hampton Skelton
Texas Bar No. 18457700
Eva C. Ramos
Texas Bar No. 20143100
SKELTON & WOODY
P.O. Box 1609
Austin, TX  78767
Telephone:  (512) 651-7000
Facsimile:  (512) 651-7001
Email: hskelton@skeltonwoody.com
         eramos@skeltonwoody.com

*Counsel for Defendant DIRECTV, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2010, I am electronically filing the foregoing with the Clerk of the Court using the Case Management/Electronic Case Files ("CM/ECF") system, which will send notification of such filing to the following CM/ECR participants:

| | |
|---|---|
| Edward W. Goldstein<br>Alisa A. Lipski<br>GOLDSTEIN, FAUCETT & PREBEG, LLP<br>1177 West Loop South, Suite 400<br>Houston, TX  77027<br>Telephone:     (713) 877-1515<br>Facsimile:      (713) 877-1737<br>Email: egoldstein@gfpiplaw.com<br>           alipski@gfpiplaw.com<br>*Counsel for Plaintiff* | Rachel Krevans<br>Jason A. Crotty<br>Matthew A. Chivvis<br>Heather Bobkova<br>MORRISON FOERSTER<br>425 Market St.<br>San Francisco, CA 94105<br>Telephone: (415) 268-6381<br>Facsimile: (415) 268-7522<br>Email:  jcrotty@mofo.com<br>            mchivvis@mofo.com<br>            rkrevans@mofo.com<br>            hbobkova@mofo.com<br>*Counsel for EchoStar Technologies L.L.C. and DISH Network L.L.C.* |

                                              /s/  Eva C. Ramos__