IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NORTHPOINT TECHNOLOGY, LTD., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 09-CV-506-JRN |
| | § | |
| THE DIRECTV GROUP, INC., et. al. | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the Court in the above-entitled and styled cause of action are: (1) Defendants EchoStar Technologies L.L.C. and Dish Network Corporation's Bill of Costs (Dkt. No. 167), filed July 5, 2011; Defendant DIRECTV, Inc.'s Bill of Costs (Dkt. No. 168), filed July 5, 2011; Plaintiff Northpoint Technology, Ltd.'s Response in Opposition to Defendants EchoStar Technologies L.L.C. and Dish Network Corporation's Bill of Costs (Dkt. No. 170), filed July 19, 2011; Plaintiff Northpoint Technology, Ltd.'s Response in Opposition to Defendant DIRECTV, Inc.'s Bill of Costs (Dkt. No. 171), filed July 19, 2011; Defendant EchoStar Technologies L.L.C. and Dish Network Corporation's Reply in Support of Bill of Costs (Dkt. No. 176), filed July 26, 2011; and Defendant DIRECTV, Inc.'s Reply in Support of Bill of Costs (Dkt. No. 175), filed July 22, 2011. After a thorough consideration of the parties' arguments and the evidence submitted, the Court is of the opinion that the costs specified below should be awarded.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Northpoint Technology, Ltd. ("Plaintiff") filed suit against Defendants EchoStar Technologies L.L.C. and Dish Network Corporation (collectively "EchoStar Defendants"), and DIRECTV, Inc. ("DIRECTV") alleging infringement of the '636 Patent through the "sale of products

in the direct-to-home television market." Clerk's Dkt. No. 173 at 1; Clerk's Dkt. No. 174 at 1. This Court found that the '636 Patent was invalid due to anticipation and granted summary judgment in favor of EchoStar Defendants and DIRECTV. *See* Clerk's Dkt. No. 163 at 1.

In the Final Judgment, this Court awarded costs to EchoStar Defendants and DIRECTV. *See* Clerk's Dkt. No. 169 at 1. EchoStar Defendants and DIRECTV filed their Bills of Costs seeking to recover a total of $39,189.80 and $37,838.70, respectively. *See* Clerk's Dkt. No. 167 at 1; Clerk's Dkt. No. 168 at 1. Plaintiff objects to EchoStar Defendants' and DIRECTV's efforts to recover for "exemplification and the costs of making copies of any materials where the copies [were] necessarily obtained for use in the case," and for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Clerk's Dkt. No. 173 at 2; Clerk's Dkt. No. 174 at 2. Plaintiff argues that the aforementioned costs were incurred solely for Echostar Defendants' and DIRECTV's attorneys' convenience, and are thus not recoverable pursuant to FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920 as costs necessarily incurred in furtherance of litigation. *Id.*

## II. LEGAL STANDARD

Costs other than attorneys' fees "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Indeed, the Fifth Circuit has held: "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). 28 U.S.C. § 1920 supplements Rule 54(d), providing that the prevailing party may recover the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses,

and costs of special interpretation services under 28 U.S.C. § 1828. *See* 28 U.S.C. § 1920. Although trial courts may refuse to tax otherwise allowable costs, trial courts may not "tax items not elsewhere enumerated." *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1236 (5th Cir. 1988).

Specifically, a party seeking to recover costs for copies has the burden to show that the reproductions were "necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Although the party seeking recovery of costs need not specify "every xerox copy made for use in the course of legal proceedings," it nevertheless must demonstrate that the "reproduction costs necessarily result from that litigation." *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991). Consequently, a party seeking recovery of costs may not be reimbursed for expenses incurred merely for the "convenience of counsel." *Id.* at 285; *see also Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Marketing Co. W.L.L.*, No. H-07-2684, 2009 WL 1457632, at *12 (S.D. Tex. May 26, 2009).

When the party being taxed specifically objects to costs, the party seeking reimbursement must verify that the costs were "necessarily incurred in the case." *Neutrino Devel. Corp. v. Sonosite, Inc.*, No. H-01-2484, 2007 WL 998636, at *2 (S.D. Tex. March 30, 2007). Therefore, in response to Plaintiff's objections, EchoStar Defendants and DIRECTV had the burden to show that the costs to which Plaintiff specifically objected were necessarily incurred in furtherance of litigation. Id. Applying this standard, the Court must overrule Plaintiff's objections in part and sustain Plaintiff's objections in part.

## III. DISCUSSION

### A. FEES FOR EXEMPLIFICATION AND DOCUMENT PROCESSING

Plaintiff levies the same basic argument against EchoStar Defendants and DIRECTV: both prevailing parties should be denied reimbursement for exemplification and copy fees because they performed electronic scanning and processing merely for their own convenience. *See* Clerk's Dkt. No. 173 at 4-5; Clerk's Dkt. No. 174 at 4-5. As support, Plaintiff relies on the contention that the claimed costs are not recoverable because they are not among those costs enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (stating that FED. R. CIV. P. 54(d) allows the court to tax only those costs enumerated in 28 U.S.C. § 1920). Plaintiff asserts that there is no way for the Court to determine whether EchoStar Defendants' $26,187.96 in fees for "Paper Copies and E-Discovery Costs" and DIRECTV's $19,461.42 in "Production" fees were necessarily incurred in furtherance of litigation. *See* Clerk's Dkt. No. 173 at 4; Clerk's Dkt. No. 174 at 4. And even if the documents were necessary to litigate the case, Plaintiff contends, "federal district courts in Texas have found 'that the cost of scanning documents for use in electronic format is not recoverable under 28 U.S.C. § 1920 where it is for the convenience of counsel and not 'necessary' for use in the case.'" *Id.* (quoting *Kellogg*, 2009 WL 1457632, at *12). In sum, Plaintiff alleges that both defendant parties unnecessarily scanned documents for use in electronic format.

Plaintiff cites *Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Marketing Co. W.L.L.*, No. H-07-2684, 2009 WL 1457632 (S.D. Tex. May 26, 2009), for the proposition that EchoStar Defendants' and DIRECTV's claimed document processing costs went "far beyond simply reproducing the documents," and were "solely for the convenience of the attorneys and include substitutes for attorney time." Clerk's Dkt. No. 174 at 4. But *Kellogg* is distinguishable from this

case. The Kellogg court found that the party seeking reimbursement ("KBR") was processing tapes in order to "locate, retrieve, and store information that might be responsive to a production request." *Kellogg*, 2009 WL 1457632, at *3 (emphasis added). The court's decision turned on the fact that the processing was not performed in direct response to discovery, but rather in preparation for possible document requests. See id. The court concluded that taking steps to extract data "from an electronic medium," and store that data "for possible use in discovery" was "more like the work of an attorney or legal assistant" than like "copying those documents for use in a case." *Id.* Furthermore, KBR failed to indicate that its extraction and storage involved "electronically scanning information to be produced in electronic form." *Id.* (emphasis added). Therefore, unlike this case, the evidence in Kellogg suggested that KBR engaged in document processing and scanning for the convenience of a private, searchable database rather than for the purpose of responding to discovery requests.

After carefully reviewing EchoStar Defendants' and DIRECTV's Bills of Costs, the Court finds that EchoStar Defendants' and DIRECTV's production and discovery fees were necessarily incurred in furtherance of litigation. As a preliminary matter, the Rule 26(f) Report signed by Plaintiff's counsel reveals that Plaintiff agreed that all "production of documents [would] be by electronic disk or other electronic form agreed to by the parties." Clerk's Dkt. No. 43 at 2. Copious authority persuades the Court that prevailing parties may recover costs for copies made for the purpose of discovery under § 1920(4) as long as when challenged, the prevailing party shows the necessity of those costs to the litigation. The Court therefore seeks to avoid "the potential for unfairness in allowing recovery of costs for production of documents necessary to the litigation in paper format and disallowing costs for production of the same documents in electronic format." *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-CV-104, 2009 U.S. Dist. LEXIS 131117, at *11 (E.D. Tex. May 19, 2009). Moreover, courts in this district and division have previously indicated

that the costs of electronic data produced "in lieu of extremely costly paper production" are recoverable. *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354-SS, 2010 WL 3064007, at *4 (W.D. Tex. August 2, 2010) (Sparks, J.).

After thoroughly examining EchoStar Defendants' and DIRECTV's dates for document processing and electronic conversion, the Court has determined that all document processing took place within the designated time for discovery. This evidence suggests that the document processing and conversion into an electronic format was performed in response to discovery rather than in anticipation of a lawsuit or discovery requests. Unlike KBR in *Kellogg*–which failed to produce the data extracted by RenewData to the plaintiffs, failed to provide invoices, and failed to explain, itemize, or describe its copy charges–EchoStar Defendants and DIRECTV provided detailed documentation of their costs supplemented with affidavits attesting to their necessity. *Compare Kellogg*, 2009 WL 1457632, at *6 *with* Clerk's Dkt Nos. 167 and 168. Moreover, in their replies, EchoStar Defendants and DIRECTV state that Plaintiff never complained that it had received irrelevant or inappropriate documents. *See* Clerk's Dkt. No. 175 at 2; Clerk's Dkt. No. 176 at 2. In support of this contention, the Court cannot find any indication in the record that EchoStar Defendants and DIRECTV produced irrelevant materials for Plaintiff during discovery.

In EchoStar Defendants' Bill of Costs, Diana Kruze designated the paper copies to include "copies of prior art materials, [preparation] for depositions, and [provision of] the tutorial presentation to the Special Master Bayer." Clerk's Dkt. No. 167 at 5. Ms. Kruze claimed that the necessity of the electronic scanning was to "review documents collected from the client and to prepare EchoStar Defendants' defenses." *Id.* at 5-6. Electronic scanning and processing was also "used to produce documents to plaintiff that plaintiff requested in the case (in lieu of paper copies)." *Id.* at 6. In DIRECTV's Bill of Costs, Amy Palafox indicated that "[p]aper copies were necessary to

prepare for depositions and to serve copies on Plaintiff of DIRECTV's Invalidity Contentions served on February 12, 2010 and Supplemental Invalidity Contentions served on July 9, 2010." Clerk's Dkt. No. 168 at 5. Ms. Palafox stated that "[e]lectronic scanning and processing was used to produce documents to Plaintiff that Plaintiff requested in the case (in lieu of paper copies)." *Id.* Ms. Palafox stated that electronic scanning was also necessary "to collect documents from the client and to prepare DIRECTV's defenses." *Id.* The Court finds that both defendant parties have described their incurred costs with sufficient specificity to warrant awarding those costs.

Regarding equitable considerations, EchoStar Defendants and DIRECTV's claimed costs are appropriate for the kind of litigation involved in this case. Unlike *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354-SS, 2010 WL 3064007 (W.D. Tex. August 2, 2010), in which the court found that the photocopying costs appeared to be excessive for a simple products liability case, this case was a complex patent case requiring extensive discovery and production. *See Chenault*, 2010 WL 3064007, at *5. The circuits disagree over whether to apply a broad or narrow standard regarding electronic information. *See Kellogg*, 2009 WL 1457632, at *4. But it is particularly counterintuitive to apply a strict definition of exemplification that originated in "the world of paper" to a patent case involving extensive discovery requests, especially when the parties themselves agreed to electronic discovery production. *See Neutrino*, 2007 WL 998636, at *3 (citing *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1378 (Fed. Cir. 2006) ("We agree with [defendant] that, in complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation.")). The Court agrees that the complexity of this patent litigation required extensive document production for complete trial preparation. Therefore, the Court finds that the costs incurred by Defendant for copies in the various categories listed above were necessary for use in this case.

B.  **AUDIO/VISUAL SYNCING FEES**

Plaintiff also challenges EchoStar Defendants' and DIRECTV's requests for $684.50 and $427.00, respectively, in fees for using LiveNote and Video Sync/Conversion to sync deposition testimony with the transcript. EchoStar Defendants and DIRECTV, as parties seeking recovery of costs, had the burden to show the necessity of syncing for use in litigation. They, however, failed to address Plaintiff's objections to this cost in their replies and thus failed to carry their burden. See Local Court Rule CV-7(c) (explaining that the specific legal authority supporting any motion must be cited). Consequently, the Court finds that syncing was a convenience in excess of the necessary electronic recording. The Court will therefore SUSTAIN Plaintiff's objections to the aforementioned costs, and deduct $684.50 from EchoStar Defendants' reimbursement and $427.00 from DIRECTV's reimbursement.

IV.  **CONCLUSION**

The Court **OVERRULES** Plaintiff's objections to EchoStar Defendants' request for $29,004.08 and DIRECTV's request for $26,358.38 in fees for "exemplification and the costs of making copies of any materials where the copies [were] necessarily obtained for use in the case." Clerk's Dkt. No 167 at 1; Clerk's Dkt. No. 168 at 1. The Court **SUSTAINS** Plaintiff's objections to EchoStar Defendants' request for $684.50 and DIRECTV's request for $427.00 in fees for LiveNote and Video Sync/Conversion. See Clerk's Dkt. No. 173 at 2; Clerk's Dkt. No. 174 at 2.

**IT IS THEREFORE ORDERED** that EchoStar Defendants **SHALL RECOVER** $3,191.20 in fees for printed or electronically recorded transcripts, $29,004.08 in fees for exemplification and the costs of making copies, and $6,310.02 for compensation of court-appointed experts, totaling $38,505.30.

**IT IS FURTHER ORDERED** that DIRECTV **SHALL RECOVER** $4,744.31 in fees for printed or electronically recorded transcripts, $26,358.38 for fees for exemplification and the costs of making copies, and $6,309.01 for compensation of court-appointed experts, totaling to $37,411.70.

**IT IS SO ORDERED** this 3rd day of August, 2011.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE